**Commonwealth v. Peters**

18

C.P. of Lancaster County, no. 1553-2001.

*Todd P. Kriner, assistant district attorney,* for Commonwealth.

*James J. Karl, chief public defender,* for defendant.

PEREZOUS, *J.,* April 4, 2006—On July 12, 2001, defendant, Kevin Lee Peters, pled guilty to five counts of rape (F1),[1] three counts of involuntary deviate sexual intercourse (F1),[2] one count of indecent assault (M1),[3] two counts of indecent assault (M2),[4] and six counts of corruption of minors (M1).[5] After accepting the plea, the court deferred sentencing and ordered defendant to undergo an assessment by the State Sexual Offenders Assessment Board in accordance with the provisions of Pennsylvania's Megan's Law.[6] Megan's Law provides

---

1. 18 Pa.C.S. §3121(a)(6).
2. 18 Pa.C.S. §3123(a)(6).
3. 18 Pa.C.S. §3126(a)(7).
4. 18 Pa.C.S. §3126(a)(8).
5. 18 Pa.C.S. §6301(a).
6. Thereafter, defendant filed a motion challenging the constitutionality of Megan's Law II's sexually violent predator provision and to bar a second prosecution for the same offense. The court heard argument on the issue on July 17, 2001. On August 7, 2001, the court entered an order declaring Megan's Law not constitutionally valid. The Commonwealth appealed.

On September 25, 2003, the Pennsylvania Supreme Court decided *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003). In this case, the court decided that the registration, notification, and counseling requirements of Megan's Law II were non-punitive. On March 23, 2004, the Pennsylvania Supreme Court reversed the decision of the Lancaster County Court of Common Pleas in the present matter. The court ordered the case to be remanded for proceedings consistent with the court's decision in *Williams.*

On April 13, 2004, this court issued a rule to show cause why the defendant should not undergo the mandatory assessment by the Sexual Offenders Assessment Board as required by Megan's Law II. The parties submitted letters to the court. On June 23, 2004, the defendant filed a motion for evidentiary hearing and argument on remand challenging the constitutionality of the "sexually violent predator" provisions of Pennsylvania's Megan's Law II and seeking suppression of evidence obtained and used by the Sexual Offenders Assessment Board

for the adjudication of the defendant as a "sexually violent predator" (SVP) in a separate proceeding following his conviction of a predicate offense. 42 Pa.C.S. §9795.4(e). Rape, involuntary deviate sexual intercourse, and indecent assault as a misdemeanor of the first degree are predicate offenses under Pennsylvania's Megan's Law. 42 Pa.C.S. §9795.1.

On November 15, 2005, a hearing was held to determine whether the defendant was an SVP. At the conclusion of this hearing, the court directed the parties to submit proposed findings of fact and conclusions of law. These were filed by the Commonwealth and the defendant on or about January 13, 2006 and February 15, 2006, respectively. Based upon a review of the record, together with the proposed findings of fact and conclusions of law provided by the parties, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

(1) Defendant pled guilty to five counts of rape (F1), three counts of involuntary deviate sexual intercourse (F1), one count of indecent assault (M1), two counts of indecent assault (M2), and six counts of corruption of minors (M1).

(2) Rape, involuntary deviate sexual intercourse, and indecent assault as a misdemeanor of the first degree are predicate offenses under Pennsylvania's Megan's Law.

---

in performing its court-ordered assessment of the defendant. This court denied the defendant's motion, excepting the void for vagueness challenge and its implications in terms of the remedial versus punitive dynamics of the statute.

(3) Dr. Robert Stein is a licensed psychologist able to render an opinion on defendant's possible classification as an SVP.

(4) In rendering his opinion to a reasonable degree of professional certainty, Dr. Stein relied upon a report completed by the board's investigator, police reports, the victims' medical reports, Children and Youth reports, DOC records, a prior assessment, and an interview with the defendant.

(5) In rendering his assessment, Dr. Stein addressed a number of issues as required by the statute. Such issues included the number of victims, the nature of the offenses, the relationship between the victim and the offender, the age of the victims, whether or not there was any unusually cruel type of behavior, mental capacity of the victims, any criminal history (non-sexual and sexual), any substance abuse, the age of the offender, and any other factors relevant in the field related to the issue of risk.

(6) The offenses to which the defendant pled guilty involved six victims. All of the victims were young boys. Four of the victims were under 10 years of age. Dr. Stein testified that these factors were relevant to the issue of pedophilia.

(7) The nature of the sexual contact with the victims began with touching, and escalated over time to oral and anal sex. Multiple sex acts occurred in multiple locations. Physical pain was associated with some of the sexual assaults. In at least one case, defendant forced anal intercourse after a boy refused. Dr. Stein testified that these factors were relevant to the issue of predatory behavior.

(8) The victims were not strangers to the defendant. They were residents of the group home where he had lived. Dr. Stein testified that this factor related to the predatory nature of the defendant's behavior.

(9) The defendant would arrange to be alone with the victims for extended periods of time, and would bribe the boys with fishing lures, money and candy. In a fixed and repeated pattern, the defendant would exchange money and gifts in return for sex. Dr. Stein testified that these factors also displayed the predatory nature of the defendant's behavior.

(10) The victims were of normal mental capacity. Dr. Stein testified that this factor was not relevant in terms of risk that the defendant would re-offend.

(11) Defendant has no prior criminal history, or history of sexual offenses. Dr. Stein testified that this factor would not increase any risk.

(12) Defendant was a daily cocaine and crack user. Dr. Stein testified that it is unclear as to the degree to which drugs impacted these offenses.

(13) Defendant was 25 years old when these sexual offenses started. There is some indication, however, that offending started when he was a teenager. Dr. Stein testified that this factor increases the risk that the defendant is likely to re-offend.

(14) Defendant's behavior involved sexual interest in young boys. Dr. Stein testified that sexual interest in young boys is associated with higher risk than interest in young girls.

(15) Defendant has a tested IQ in the seventies. Dr. Stein testified this could increase risk based upon diffi-

culties in learning the relapse prevention techniques taught in sex-offender treatment.

(16) Defendant was diagnosed as suffering from pedophilia based upon the age of the victims and the lengthy period of the defendant's sexual behavior, which included ejaculation associated with the defendant's sexual interest in young children.

(17) Dr. Stein further opined that the behavior of the defendant was consistent with the statutory definition of predatory behavior.

(18) In Dr. Stein's opinion, the defendant is likely to engage in predatory sexual behavior, and should be classified as an SVP.

## DISCUSSION

Under Megan's Law II, a defendant convicted of an offense specified in 42 Pa.C.S. §9795.1(a)-(b) is subject to an assessment conducted by the Sexual Offender Assessment Board. 42 Pa.C.S. §9795.4(a). After the trial court orders such an assessment, the Assessment Board's administrative office designates a member of the board to determine whether the individual should be classified as an SVP. 42 Pa.C.S. §9795.4(b).

An SVP is defined as follows:

"A person who has been convicted of a sexually violent offense as set forth in 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa.C.S. §9792.

"Mental abnormality" is defined as "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id.* A "predatory" offense, moreover, is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been established or promoted for the primary purpose of victimization." *Id.*

As our courts have stated, the board's assessment must first determine the cause of the offense, *i.e.,* whether the offense proceeded from a mental defect/disorder or another factor. *Commonwealth v. Plucinski,* 868 A.2d 20, 26 (Pa. Super. 2005). If the existence of such a defect/disorder is established, then the board determines the future likelihood that the defendant will repeat his offense. 42 Pa.C.S §9792; *Commonwealth v. Williams,* 557 Pa. 285, 733 A.2d 593, 607 (1999) (emphasizing that the statutory provisions require a subjective determination of an offender's future dangerousness). Theoretically, the extent to which the offender is likely to re-offend is answered by the question concerning the defendant's motivation for committing the offense. *Plucinski,* 868 A.2d at 26. In addition, the board must consider several factors listed in 42 Pa.C.S. §9795.4. These factors provide "criteria by which such likelihood may be gauged." *Id.* Consequently, the assessment must include an examination of the following criteria:

"(1) Facts of the current offense, including:

"(i) Whether the offense involved multiple victims.

"(ii) Whether the individual exceeded the means necessary to achieve the offense.

"(iii) The nature of the sexual contact with the victim.

"(iv) Relationship of the individual to the victim.

"(v) Age of the victim.

"(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

"(vii) The mental capacity of the victim.

"(2) Prior offense history, including:

"(i) The individual's prior criminal record.

"(ii) Whether the individual completed any prior sentences.

"(iii) Whether the individual participated in available programs for sexual offenders.

"(3) Characteristics of the individual, including:

"(i) Age of the individual.

"(ii) Use of illegal drugs by the individual.

"(iii) Any mental illness, mental disability or mental abnormality.

"(iv) Behavioral characteristics that contribute to the individual's conduct.

"(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense." 42 Pa.C.S. §9795.4.

Once a written report of the assessment is submitted and a praecipe is filed by the district attorney, a hearing is convened by the court to determine whether the de-

fendant is an SVP. 42 Pa.C.S. §9795.4(d)-(e); *Commonwealth v. Krouse,* 799 A.2d 835, 839 (Pa. Super. 2002). At this hearing, the Commonwealth bears the burden of proving, by clear and convincing evidence, that the defendant meets the definition of an SVP. 42 Pa.C.S. §9795.4(e)(3).

The defendant contends that the Commonwealth failed to prove by clear and convincing evidence that the defendant is likely to re-offend. They argue that Dr. Stein opined that he was likely to re-offend solely by his diagnosis of a mental abnormality coupled with a finding that the acts were predatory, and not by a particularized risk assessment governed by a weighing of the statutory factors set forth at 42 Pa.C.S. §9795.4. They further argue that a weighing of such factors mitigates against any such finding. Consequently, the defendant avers that the Commonwealth failed to establish that he meets the definition of an SVP.

In *Commonwealth v. Graham,* no. 3267-2002, opinion and order dated December 27, 2005, and *Commonwealth v. Reed,* nos. 0930-2001, 2264-2001, 2311-2001, opinion and order dated December 27, 2005, the Honorable James P. Cullen found that the Commonwealth failed to meet its burden in establishing the defendants' status as SVPs because the assessments did not address the defendants' likelihood to re-offend. In these cases, the expert never interviewed the defendants, and acknowledged that he was not in a position to offer an opinion regarding the likelihood of recidivism. The expert used the criteria in 42 Pa.C.S. §9795.4 solely to determine whether the defendants met the definitions of mental abnormality and predatory behavior, and did not examine

the factors as they related to the defendants' likelihood to re-offend. As the court stated in *Graham,* the doctor "appears to have proceeded on the basis that if the [d]efendant suffered from a defined mental abnormality and engaged in defined predatory behavior, then he must be classified as a sexually violent predator." *Graham,* p. 10.

These cases, however, can be distinguished from the present scenario. In the present case, the defendant was interviewed, and, most importantly, Dr. Stein examined the factors listed in 42 Pa.C.S. §9795.4 as they related to the risk that the defendant would re-offend. See N.T. 11/15/2005, pp. 4-6. Although Dr. Stein stated that "[i]f an individual meets the statutory definition of mental abnormality and if that same individual meets the statutory definition of predator behavior, they are then deemed likely to engage in predator sexual behavior," *id.* at 9, he also engaged in an examination of the statutory factors as they related to risk.[7]

Dr. Stein's opinion that the defendant was likely to engage in predatory behavior was not merely a reflexive conclusion drawn from his diagnosis of a mental abnormality and a finding that the acts which the defendant engaged in were predatory. He acknowledged that some of the factors, such as the cessation of defendant's drug use, mitigated against a finding that he was likely to re-offend. Nevertheless, he concluded that the defendant was likely to engage in predatory sexual behavior. This conclusion was based upon his assessment of the defen-

---

7. Dr. Stein's analysis of these factors is addressed in the findings of fact section of this opinion.

dant, which included an analysis of the risk factors associated with the defendant. As such, this court does not find any fault in the expert opinion submitted by the Commonwealth. Accordingly, the court makes the following conclusions of law.

## CONCLUSIONS OF LAW

(1) Based upon the age of the victims, together with Dr. Stein's testimony, the Commonwealth proved by clear and convincing evidence that the defendant suffers from pedophilia. This condition predisposes an individual to the commission of sex offenses and qualifies as a mental abnormality under Megan's Law.

(2) Based upon the nature of the offenses, including the manner of the defendant's relationship with the victims, the fixed and repeated escalation over time from touching to oral and anal sex, and offers of bribes in return for sex, together with Dr. Stein's testimony, the Commonwealth proved by clear and convincing evidence that the defendant engaged in predatory behavior as that term is defined by Megan's Law.

(3) Based upon Dr. Stein's analysis of the factors listed in 42 Pa.C.S. §9795.4, including factors related to the risk of re-offense, together with his opinion with respect to defendant's likelihood to re-offend, the Commonwealth proved by clear and convincing evidence that the defendant is likely to engage in predatory sexually violent offenses in the future.

(4) The Commonwealth established by clear and convincing evidence that the defendant is a sexually violent predator.

## ORDER

And now, April 4, 2006, upon consideration of the evidence presented during the adjudication of defendant, Kevin Lee Peters' status as a sexually violent predator, including the assessment presented by the Sexual Offender Assessment Board, this court determines that the Commonwealth has proved by clear and convincing evidence that defendant is a sexually violent predator.